IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Leonard N. Heath,                                      Case No. 3:06CV1538
                                                                                  [3:05CR706]
              Plaintiff

v.                                                                  ORDER

United States of America,

              Defendant

The petitioner, convicted of bank robbery, challenges his conviction and sentence under 28 U.S.C. § 2255. He claims that his attorney provided ineffective assistance of counsel and was impaired by a conflict of interest.[1]

For the reasons that follow, the petition shall be denied.

## Background

On February 2, 2005, a grand jury returned a one-count indictment charging the petitioner with bank robbery. On April 6, 2005, the petitioner entered a written Rule 11(e) plea agreement. The agreement included his waiver of nearly all of appellate and post-conviction rights.

On July 18, 2005, this Court imposed a term of 151 months imprisonment, followed by a term of three years supervised release.

---

[1] Petitioner's reply to the government opposition to his petition incorporates challenges to the computation of his Guideline range, including, *inter alia*, a claim that bank robbery is not a crime of violence. All such contentions have been waived by his plea agreement. In any event, they are without merit. Thus the ensuing discussion is limited to the petition as presented, rather than as expanded in the petitioner's reply memorandum.

The petitioner appealed his conviction on grounds of ineffective assistance of counsel. The Sixth Circuit dismissed the appeal on motion of the government [which asserted, *inter alia*, that the waiver in the plea agreement foreclosed the appeal]. The Sixth Circuit also noted that this Court was better able to determine the adequacy of representation.

## Discussion

### 1. Ineffective Assistance of Counsel

As a general rule, a plea-bargained waiver of the right to seek collateral review of a conviction or sentence forecloses the ability to seek § 2255 relief. *See, e.g., Watson v. U.S.*, 165 F.3d 486, 489 (6th Cir. 1999) ("a defendant's informed and voluntary waiver of the right to collaterally attack a sentence in a plea agreement bars such relief.". This rule does not apply, however, to claims of ineffective assistance of counsel. *See, e.g., id*. at 488-89.

Petitioner first claims that he received ineffective assistance of counsel. The gravamen of his complaint is that he was assured that he would not receive career offender status, and that his counsel told him after sentencing that he had not been "careered."

Accepting the contention that the attorney mis-spoke [because, as the presentence report made clear, the petitioner was eligible for career offender status], any such misstatement did not cause prejudice to the petitioner. He was told during the plea colloquy that his estimated guideline range was 210 to 262 months. (Change of Plea Transcript at 2).

Although the petitioner may not have been told that this calculation was based on a career offender enhancement, and even if his lawyer assured him that he was not to be "careered," what matters is that the petitioner was notified that his potential sentence could exceed, and substantially so, the sentence ultimately imposed.

Moreover, the presentence report (PSR) calculated that Heath was a career offender within

the meaning of Sentencing Guideline § 4B1.1 and petitioner's adjusted criminal offense level was enhanced from 19 to 32. The fact of career offender status and its consequence was made clear prior to sentencing, but petitioner does not contend that he raised a question about or objected to the PSR's calculation.[2]

Petitioner also suggests his attorney was ineffective because he did not forward his objections to the PSR to the probation officer. But the petitioner has also submitted a response from his attorney explaining that he could only object to things that are inaccurate or false, not merely unfavorable. (Petitioner's Exhibit [letter dated June 14, 2005]). No prejudice can result, or constitutionally ineffective assistance of counsel be found, where a lawyer declines to make unfounded and futile objections to the PSR.

Petitioner finally asserts that his attorney was ineffective when he did not procure the addresses of the victims and witnesses. There is no lawful basis on which a defendant can obtain such information, and the reasons for not providing it to him are manifest and indisputable.

None of petitioner's allegations against his lawyer shows constitutionally defective performance. Even if the lawyer mis-stated that petitioner had not been "careered," when he had been "careered," such misstatement did not affect the outcome. The computation of the Guideline Range, the essential first step in the sentencing process, which was based, in light of the petitioner's

---

[2]

It appears that the petitioner's attorney meant to console the petitioner with the fact that the government had not sought to implement the federal "three strikes" statute, 18 U.S.C. § 3559(c), under which petitioner could have received a mandatory life sentence due to his commission of a third serious felony. Petitioner came within the "three strikes" statute as a result of prior arson and bank robbery convictions.

There was no prejudice to the petitioner because his plea bargain avoided the very real possibility that the petitioner could have been exposed to a mandatory life sentence, which would have been far more severe consequence than being "careered," as was required under the Sentencing Guidelines.

prior criminal record, on career offender status, was correct. How it was described could not affect that accuracy of the computation.

## 2. Conflict of Interest

Petitioner also claims that his attorney had a conflict of interest. He does not explain how that might be so, or how such conflict existed. There is no basis in the record for finding any conflict of interest: petitioner acted on his own and was the only defendant. Thus, his attorney could not have had conflicting loyalties vis-a-vis anyone else.

## Conclusion

Petitioner did not receive ineffective assistance of counsel. His lawyer and the representation he provided to the petitioner were not encumbered by a conflict of interest.[3]

It is, therefore,

ORDERED THAT the petitioner's petition for relief under 28 U.S.C. § 2255 be, and the same hereby is denied.

Further, the Court certifies, pursuant to 28 U.S.C. 1915(a)(3) that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.  28 U.S.C. 2253(c); Fed. R. App. P. 22(b).

So ordered.

s/James G. Carr
James G. Carr
Chief Judge

---

[3] It appears that the petitioner does not comprehend the risks raised by his challenge to his conviction and sentence. If he were to prevail, his plea agreement would be undone, and he would return to the proverbial Square One. Standing there, he would face the prospect, if he went to trial, of a substantially greater sentence [perhaps, indeed, of a mandatory life sentence].